UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| JOHN E. CARTER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:06-00012 |
| ) | JUDGE HAYNES |
| ) | |
| HOWARD CARLTON, ) | |
| ) | |
| Respondent. ) | |

## ORDER

Petitioner, John E. Carter, filed this action before the Court under 28 U.S.C. § 2254, seeking the writ of habeas corpus to set aside his first degree murder convictions. (Docket Entry No. 1). After a review of the pro se petition, the Court appointed the Federal Public Defender who filed an amended petition. (Docket Entry Nos. 6 and 20). The Court granted Respondent's motion to transfer (Docket Entry No. 21) the amended petition to the Sixth Circuit as a second or successive petition for habeas relief. (Docket Entry No. 23).

On appeal, in addressing Petitioner's motion for an order requesting authorization for the filing of a second or successive petition, the Sixth Circuit found that Petitioner asserted the same claim in his habeas petition that was previously dismissed by the Court, see Carter v. Rone, 3:90-00780, Docket Entry No. 61, thus, barring his application under 28 U.S.C. § 2244(b)(1). See Carter v. Carlton, 2:06-00012, Docket Entry No. 24 at 4; Carter v. Rone, 3:90-00780, Docket Entry No. 86 at 4. The Court further stated that even if the claim were not barred it lacked merit based upon the Court's previous opinion, see Carter v. Rone, 12 F.3d 211, No. 93-5499, 1993 WL 498200, at *5 (6th

Cir. Dec. 2, 1993), and Petitioner therefore failed to establish "a prima facie case entitling him to authorization to file a second or successive petition" under 28 U.S.C. § 2244(b)(3)(C). See Carter v. Carlton, 2:06-00012, Docket Entry No. 24 at 4; Carter v. Rone, 3:90-00780, Docket Entry No. 86 at 4.

Petitioner filed a motion for relief from judgment under Rule 60(b)(6) (Docket Entry No. 26) of this Court's Order, (Docket Entry No. 23), arguing, in sum, that his petition was not a second or successive petition and this Court's transfer of his application was in error. The Court concluded that it properly "adjudicated that Petitioner's application was 'second or successive'" and noted that the Sixth Circuit determined that Petitioner's claim was barred under 28 U.S.C. § 2244(b)(1). See (Docket Entry No. 24 at 4; Docket Entry No. 31 at 3). The Court also concluded the following:

> Petitioner's motion for relief from judgment under Rule 60(b)(6) (Docket Entry No. 26), citing Brown, Phipps, Hall, asserts the same claims that were presented in his Rule 60(b) motion that was transferred as a second or successive petition by the district court to the Sixth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A). See Carter v. Rone, 3:90-00780, Docket Entry No. 49. The Sixth Circuit subsequently affirmed the district court's determination and denied Petitioner permission to file a second or successive petition. Id., Docket Entry No. 61. The Court construes Petitioner's Rule 60(b) motion as another attempt to file a second or successive petition under § 2254.

(Docket Entry No. 31 at 5).

Before the Court are Petitioner's motion (Docket Entry No. 34) to reconsider the Court's order, (Docket Entry No. 31), and motion to render decision (Docket Entry No. 36), construed by the Court as a motion to ascertain status.

A party may seek to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) by filing a motion "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "Such a motion is extraordinary and is seldom granted because it contradicts notions of finality and

2

repose." Waiters, 2009 WL 3063384, at *1. A court may grant a motion to alter or amend judgment only if there was "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." Intera Corp. v. Henderson, 428 F.3d 605, 620 (6th Cir. 2005) (citing GenCorp, Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir.1999)). "Rule 59(e) motions are aimed at *re* consideration, not initial consideration. Thus, parties should not use them to raise arguments which could, and should, have been made before judgment issued. Motions under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence." Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998) (emphasis in original) (quoting FDIC v. World Univ. Inc., 978 F.2d 10, 16 (1st Cir. 1992)).

Under Rule 60(b) of the Federal Rules of Civil Procedure, a court may relieve a party from a final judgment, order or proceeding where the party shows:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

"To be eligible for relief under 60(b)(1), a movant must demonstrate that he has a meritorious claim or defense, in addition to showing the existence of mistake, inadvertence, surprise, or excusable neglect." Brown v. White, No. 96-3610, 1997 WL 570399 at *2 (6th Cir. Sept.11, 1997). Rule "60(b)(6) should be used only in exceptional or extraordinary circumstances and can be used only as a residual clause in cases which are not covered under the first five subsections of Rule

3

60(b)." Pierce v. United Mine Workers of America Welfare and Retirement Fund, 770 F.2d 449, 451 (6th Cir.1985) (citations omitted). "[R]elief under Rule 60(b) is 'circumscribed by public policy favoring finality of judgments and termination of litigation.'" Ford Motor Co. v. Mustangs Unlimited, Inc., 487 F.3d 465, 468 (6th Cir. 2007) (citations omitted).

After reviewing Petitioner's motions, the Court concludes that Petitioner fails to raise any valid grounds to amend or vacate the Court's judgment under either Rule 59(e) or Rule 60(b). Petitioner merely recites the same claim that has been repeatedly denied by the Sixth Circuit.

Accordingly, for these reasons, Petitioner's motion to render decision (Docket Entry No. 36) is **GRANTED**, but his motion to reconsider (Docket Entry No. 34) is **DENIED** for the reasons stated in the Court's Order (Docket Entry No. 31).

It is so **ORDERED**.

**ENTERED** this the _18th_ day of August, 2011.

WILLIAM J. HAYNES, JR.<br>United States District Judge